**STATE OF COLORADO ex rel. Linda BARTLETT, Appellant,**

v.

**William BARTLETT, Respondent.**

**No. 50132.**

Missouri Court of Appeals, Eastern District, Division Two.

July 15, 1986.

Heather A. Shrader, Dept. Social Services, Jefferson City, for appellant.

Ellsworth Cundiff, St. Charles, for respondent.

DOWD, Presiding Judge.

State of Colorado appeals from an order dismissing its petition for non-support under the Uniform Reciprocal Enforcement of Support Act [U.R.E.S.A.]. We affirm in accordance with Rule 84.16(b).

William Bartlett, respondent, filed for divorce in August, 1980, Linda Bartlett was served in Texas by mail but did not appear. On January 9, 1981, the Circuit Court of St. Charles County, Missouri entered an order dissolving the marriage of Linda and William Bartlett, awarding custody of the two minor children to Linda Bartlett and ordering no child support.

Thereafter, in July of 1981, Linda applied for and received Aid to Families with Dependent Children [A.F.D.C.] from the Colorado Department of Social Services, assigning her right to support from respondent to the department.

On August 23, 1984, the State of Colorado filed a petition under U.R.E.S.A. in the Circuit Court of St. Charles County, Missouri requesting reimbursement of necessities furnished by the state to Linda and the

**738**

two minor children. During the hearing on appellant's petition, respondent testified that he had not seen his ex-wife and children since the fall of 1978 when she left their marital home with a male friend of his, taking their two minor children with her. He further stated that he did not learn of their whereabouts until three weeks after they departed.

Thereafter, the court issued the following order:

> Now on this 12th day of April, 1985, the Court takes up for consideration Petitioner's Petition for Reciprocal Non-Support previously heard, submitted and taken under advisement on April 2, 1985.
>
> The Court having now duly considered the same finds that the parties were divorced in the Circuit Court of St. Charles County on January 9, 1981; that the Decree of Dissolution entered therein granted custody to the Respondent-Mother and further provided that no child support be awarded. The Court further finds that at the time of the Decree of Dissolution that the Court had jurisdiction over the Petitioner-Father and could have entered an Order of support at that time; that the Decree of Dissolution is not silent as to child support but specifically orders that no support be awarded to Respondent. The Court further finds that the Petition for Reciprocal Non-Support requests only reimbursement for necessities paid by the State of Colorado.
>
> NOW, THEREFORE, it is hereby Ordered, Adjudged and Decreed by the Court that the Petition for Reciprocal Non-Support be Ordered denied and dismissed at Petitioner's cost.

We find that the trial court's judgment is supported by substantial evidence and it's not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). An extended opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

REINHARD and CRIST, JJ., concur.